**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION**

| | |
|---|---|
| NETCHOICE, LLC, | : |
| | : |
| *Plaintiff*, | : Case No. 2:24-cv-00047 |
| | : |
| v. | : Chief Judge Algenon L. Marbley |
| | : |
| DAVE YOST, in his official capacity as Ohio Attorney General, | : |
| | : |
| *Defendant*. | : |

## ANSWER OF DEFENDANT DAVE YOST, ATTORNEY GENERAL OF THE STATE OF OHIO

By and through counsel, Defendant, Dave Yost, the Attorney General of the State of Ohio ("Defendant") responds and answers Plaintiff's Complaint as follows:

1. As to Paragraph 1, Defendant denies that Ohio has acted unconstitutionally and denies that Plaintiff is entitled to relief. The remaining allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, Defendant denies same. Further answering, the Parental Notification by Social Media Operators Act or Ohio Revised Code 1349.09 ("Act") and the cited statements on Defendant's FAQ page speaks for themselves.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore, those allegations are denied.

3. Paragraph 3 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies same.

4. Defendant denies the allegations in Paragraph 4.

5. Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies same.

6. Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies same.

7. Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies same.

8. Defendant denies the allegations in Paragraph 8.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore, those allegations are denied.

10. Defendant denies the allegations in Paragraph 10.

11. Defendant denies the allegations in Paragraph 11.

12. As to Paragraph 12, Defendant denies that "the Act's precise coverage is unclear and rests on vague and subjective terms." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore, Defendant denies same.

13. Defendant denies the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant admits the allegations contained in Paragraph 15. Further answering, Defendant denies that Plaintiff is entitled to relief.

16. As to Paragraph 16, Defendant admits that this Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(A). Defendant denies the remaining allegations contained therein and also denies that Plaintiff is entitled to any relief.

17. Defendant admits the allegations contained in Paragraph 17.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore, those allegations are denied.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore, those allegations are denied.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore, those allegations are denied.

21. Defendant admits that there may be some tools available to parents to monitor and control access to the internet on certain devices. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21, and therefore, those allegations are denied.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22, and therefore, those allegations are denied.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and therefore, those allegations are denied.

24. Defendant admits that there may be some tools available to parents to monitor and control access to the internet on certain devices. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24, and therefore, those allegations are denied.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore, those allegations are denied.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26, and therefore, those allegations are denied.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore, those allegations are denied.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and therefore, those allegations are denied.

29. Paragraph 29 contains legal conclusions to which no response is required. Further answering, the Children's Online Privacy Protection Act speaks for itself.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and therefore, those allegations are denied.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and therefore, those allegations are denied.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore, those allegations are denied.

33. As to Paragraph 33, Defendant denies that the Act is an attempt by the government to regulate or restrict protected speech. The remaining allegations contained in Paragraph 33 are legal conclusions to which no response is required. Further answering, the Act speaks for itself.

34. As to Paragraph 34, Defendant denies that the Act contains content-based exceptions. The remaining allegation contained in Paragraph 34 is a legal conclusion to which no response is required. Further answering, the Act speaks for itself.

35. Paragraph 35 contains legal conclusions to which no response is required. To the extent that an answer is required, Defendant denies same. Further answering, the Act speaks for itself and Defendant denies that the Act is unconstitutionally vague.

36. Paragraph 36 contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies same. Further answering, the Act speaks for itself and Defendant denies that the Act is unconstitutionally overbroad.

37. Paragraph 37 contains legal conclusions to which no response is required. To the extent further response is required, Defendant denies same. Further answering, the Act and cited statements on Defendant's FAQ page speaks for themselves.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and therefore, those allegations are denied.

39. Defendant denies the allegations in Paragraph 39.

40. The Act and cited statements on Defendant's FAQ page speak for themselves and no response to Plaintiff's characterization is required. To the extent further response is required, Defendant denies the allegations in Paragraph 40.

41. The Act speaks for itself and no response to Plaintiff's characterization is required. To the extent further response is required, Defendant denies the allegations in Paragraph 41.

42. The Act speaks for itself and no response to Plaintiff's characterization is required. To the extent further response is required, Defendant denies the allegations in Paragraph 42.

43. The Act speaks for itself and no response to Plaintiff's characterization is required. To the extent further response is required, Defendant denies the allegations in Paragraph 43.

44. The Act speaks for itself and no response to Plaintiff's characterization is required. To the extent further response is required, Defendant denies the allegations in Paragraph 44.

45. The Act speaks for itself and no response to Plaintiff's characterization is required. To the extent further response is required, Defendant denies the allegations in Paragraph 45.

46. The Act and cited statements on Defendant's FAQ page speak for themselves and no response to Plaintiff's characterization is required. To the extent further response is required, Defendant denies the allegations in Paragraph 46.

47. The Act speaks for itself and no response to Plaintiff's characterization is required. To the extent further response is required, Defendant denies the allegations in Paragraph 47.

48. The Act and cited statements on Defendant's FAQ page speak for themselves and no response to Plaintiff's characterization is required. To the extent further response is required, Defendant denies the allegations in Paragraph 48.

49. The Act speaks for itself and no response to Plaintiff's characterization is required. To the extent further response is required, Defendant denies the allegations in Paragraph 49.

50. The Act speaks for itself and no response to Plaintiff's characterization is required. To the extent further response is required, Defendant denies the allegations in Paragraph 50.

51. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and therefore, those allegations are denied.

52. Defendant admits the Act does not require age verification on its face. Defendant denies the remaining allegations in Paragraph 52.

53. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53, and therefore, those allegations are denied.

54. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, and therefore, those allegations are denied. Further answering, see Defendant's response to Paragraph 52.

55. The Act speaks for itself and no response to Plaintiff's characterization is required. To the extent further response is required, Defendant denies the allegations in Paragraph 55.

56. The Act speaks for itself and no response to Plaintiff's characterization is required. To the extent further response is required, Defendant denies the allegations in Paragraph 56.

57. The Act speaks for itself and no response to Plaintiff's characterization is required. To the extent further response is required, Defendant denies the allegations in Paragraph 57 and denies that the Act is unconstitutionally vague.

58. Defendant admits that the Act was, by its terms, to take effect on January 15, 2024. Defendant denies all other allegations in Paragraph 58.

59. As to Paragraph 59 of the Complaint, Defendant incorporates by reference all answers and defenses in the preceding paragraphs.

60. Defendant states that the First Amendment to the U.S. Const. speaks for itself and Defendant denies any allegations inconsistent therewith. Moreover, Plaintiff states legal conclusions to which no response is required. To the extent a further response is required, Defendant denies the remaining allegations in Paragraph 60.

61. Paragraph 61 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 61.

62. Defendant denies the allegations contained in Paragraph 62.

63. Defendant denies the allegations contained in Paragraph 63.

64. As to Paragraph 64, Defendant admits that, while the First Amendment applies to minors in limited circumstances, States including Ohio have power to protect minors. The remaining allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, Defendant denies same.

65. The Act speaks for itself and no response to Plaintiff's characterization is required. To the extent further response is required, Defendant denies the allegations in Paragraph 65.

66. The Act speaks for itself and no response to Plaintiff's characterization is required. Defendant admits that individuals, including minors, can access a covered website's URL and can access that website's landing page and other publicly available content even outside of the requirements of the Act. Defendant denies the remaining allegations in Paragraph 66.

67. As to Paragraph 67, see Defendant's response to Paragraph 52.

68. Defendant denies the allegations contained in Paragraph 68.

69. The cited cases speak for themselves and no response to Plaintiff's characterization is required. To the extent further response is required, Defendant denies the allegations in Paragraph 69.

70. The Act speaks for itself and no response to Plaintiff's characterization is required. To the extent further response is required, Defendant denies the allegations in Paragraph 70.

71. The Act speaks for itself and no response to Plaintiff's characterization is required. To the extent further response is required, Defendant denies the allegations in Paragraph 71.

72. The Act speaks for itself and no response to Plaintiff's characterization is required. To the extent further response is required, Defendant denies the allegations in Paragraph 72.

73. The Act speaks for itself and no response to Plaintiff's characterization is required. To the extent further response is required, Defendant denies the allegations in Paragraph 73.

74. Paragraph 74 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 74.

75. The Act speaks for itself and no response to Plaintiff's characterization is required. To the extent further response is required, Defendant denies the allegations in Paragraph 75.

76. The Act speaks for itself and no response to Plaintiff's characterization is required. To the extent further response is required, Defendant denies the allegations in Paragraph 76.

77. The Act speaks for itself and no response to Plaintiff's characterization is required. To the extent further response is required, Defendant denies the allegations in Paragraph 77.

78. The Act speaks for itself and no response to Plaintiff's characterization is required. To the extent further response is required, Defendant denies the allegations in Paragraph 78.

79. Paragraph 79 contains legal conclusions to which no response is required. To the extent further response is required, Defendant denies the Act fails strict scrutiny analysis.

80. Defendant denies the allegations contained in Paragraph 80.

81. Paragraph 81 contains legal conclusions to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 81.

82. Paragraph 82 contains legal conclusions to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 82. Further answering, see Defendant's response to Paragraph 52.

83. Paragraph 83 contains legal conclusions to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 83.

84. Paragraph 84 contains legal conclusions to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 84.

85. The Act and cited statements on Defendant's FAQ page speak for themselves and no response to Plaintiff's characterization is required. To the extent further response is required, Defendant denies the allegations in Paragraph 85.

86. Paragraph 86 contains legal conclusions to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 86.

87. The legislative history of the Act speaks for itself. To the extent further response is required, Defendant denies the allegations in Paragraph 87.

88. Paragraph 88 contains legal conclusions to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 88.

89. Paragraph 89 contains legal conclusions to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 89.

90. Paragraph 90 contains legal conclusions to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 90.

91. Paragraph 91 contains legal conclusions to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 91.

92. Paragraph 92 contains legal conclusions to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 92.

93. Paragraph 93 contains legal conclusions to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 93.

94. Paragraph 94 contains legal conclusions to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 94.

95. As to Paragraph 95 of the Complaint, Defendant incorporates by reference all answers and defenses in the preceding paragraphs.

96. Paragraph 96 contains legal conclusions to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 96. Defendant specifically denies that the Act is unconstitutionally vague.

97. Paragraph 97 contains legal conclusions to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 97 and further denies that the Act is unconstitutionally vague.

98. Paragraph 98 contains legal conclusions to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 98and further denies that the Act is unconstitutionally vague.

99. Paragraph 99 contains legal conclusions to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 99and further denies that the Act is unconstitutionally vague.

100. Paragraph 100 contains legal conclusions to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 100 and further denies that the Act is unconstitutionally vague.

101. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101, and therefore, those allegations are denied. Further answering, see Defendant's response to Paragraph 52.

102. Paragraph 102 contains legal conclusions to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 102. Further answering, see Defendant's response to Paragraph 52.

103. Paragraph 103 contains legal conclusions to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph

103 and further denies that the Act violates the First Amendment or the Due Process Clause.

104. As to Paragraph 104 of the Complaint, Defendant incorporates by reference all answers and defenses in the preceding paragraphs.

105. Defendant admits that this Court has the power to declare rights under 28 U.S.C. § 2201(a). Defendant denies the remaining allegations. Defendant denies that Plaintiff is entitled to any declaratory relief.

106. Paragraph 106 contains legal conclusions to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 106.

107. Defendant denies the allegations in Paragraph 107.

108. As to Paragraph 108 of the Complaint, Defendant incorporates by reference all answers and defenses in the preceding paragraphs.

109. Paragraph 109 contains legal conclusions to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 109.

110. Paragraph 110 contains legal conclusions to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 110.

## PRAYER FOR RELIEF

111. Defendant denies all allegations set forth in the Prayer for Relief, Paragraphs A - G and specifically deny that Plaintiff is entitled to any relief.

112. Any allegations not specifically answered herein, including but not limited to those contained in any titles or section headers, are hereby denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

## FIRST DEFENSE

1. Plaintiff lacks standing to bring this Complaint.

## SECOND DEFENSE

2. Plaintiff fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

3. Plaintiff has not been deprived of any federal or state constitutional or statutory rights.

## FOURTH DEFENSE

4. The challenged law is supported by substantial and compelling state interests.

## FIFTH DEFENSE

5. Plaintiff is unable to establish the elements required for facial relief.

## SIXTH DEFENSE

6. Plaintiff is unable to establish the elements required for injunctive relief.

## SEVENTH DEFENSE

7. The challenged law meets constitutional scrutiny.

## EIGHTH DEFENSE

8. Plaintiff's claims are not ripe for adjudication or improperly seeks prospective relief.

## NINTH DEFENSE

9. Plaintiff's claims are barred by the doctrines of estoppel, election of remedies, laches, and/or waiver.

## RESERVATION OF ADDITIONAL DEFENSES

10. Defendant reserves the right to supplement the Answer with additional defenses, including affirmative defenses, as litigation in this matter proceeds.

Thus, having fully answered Plaintiff's Complaint, Defendant requests that this Court dismiss Plaintiff's claims with prejudice, that Plaintiff be awarded no relief, and Plaintiff pay costs and reasonable attorney fees.

    Respectfully submitted,

    DAVE YOST
    Ohio Attorney General

    */s/ Julie M. Pfeiffer*
    JULIE M. PFEIFFER (0069792)*
       *Lead and trial counsel*
    ELIZABETH HANNING SMITH (0076701)
    STEPHEN P. TABATOWSKI (0099175)
    PHILLIP T. KELLY (0102198)
    Assistant Attorneys General
    Constitutional Offices Section
    30 East Broad Street, 16th Floor
    Columbus, OH  43215-3428
    Tel: (614) 466-2872 | Fax: (614) 728-7592
    Julie.Pfeiffer@OhioAGO.gov
    Elizabeth.Smith@OhioAGO.gov
    Stephen.Tabatowski@OhioAGO.gov
    Phillip.Kelly@OhioAGO.gov

    *Counsel for Defendant Ohio Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the U.S. District Court for the and copies were served upon all counsel of record by means of the Court's electronic filing system.

*/s/ Julie M. Pfeiffer*
JULIE M. PFEIFFER(0069792)
Assistant Attorney General