IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NETCHOICE, LLC,**

      **Plaintiff,**

v.                                  Civil Action 2:24-cv-47
                                       Chief Judge Algenon L. Marbley
                                       Magistrate Judge Elizabeth P. Deavers

**DAVE YOST,**

      **Defendant.**

## PRELIMINARY PRETRIAL ORDER

Based upon the parties' Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the Court **ADOPTS** the following schedule:

INITIAL DISCLOSURES

The parties have agreed to not exchange initial disclosures.

VENUE AND JURISDICTION

Defendant contests subject matter jurisdiction insofar as Plaintiff lacks standing to bring its claims on behalf of minors. Any motion addressing this issue shall be filed by the dispositive motion deadline**.** Defendant does not contest venue.

PARTIES AND PLEADINGS

Any motion to amend the pleadings or to join additional parties shall be filed by **APRIL 1, 2024**.

ISSUES

This case concerns a facial legal challenge to Ohio's Parental Notification by Social Media Operators Act, which is a state law that requires many digital services to "[o]btain verifiable consent for any contract with a child [younger than 16], including terms of service, to register, sign up, or otherwise create a unique username to access or utilize the" service. Ohio Rev. Code § 1349.09(B)(1). The Act requires regulated companies to "deny the child access to or use of the online web site, service, or product" without such consent. Id. § 1349.09(E).

Plaintiff NetChoice, LLC sued Defendant Ohio Attorney General Dave Yost in his official capacity for declaratory and injunctive relief under 42 U.S.C. § 1983 and 28 U.S.C. § 2201. Specifically, NetChoice argues that the Act (1) violates the First Amendment rights of its member companies regulated by the Act and the rights of minor users; and (2) is unconstitutionally vague, in violation of the First Amendment and Due Process Clause of the Fourteenth Amendment. Plaintiff seeks relief for its members covered by the Act. Defendant Yost counter-argued (1)

1

Plaintiff lacked standing to bring the action; (2) that the Act regulates contracts, not speech and survives constitutional scrutiny under any applicable review as the State has an important and compelling interest in protecting minors by restricting their ability to contract with covered operators without parental consent and in vindicating parents' fundamental right to control their children's care and upbringing; and (3) the Act is not vague.

On January 5, 2024, Plaintiff moved for a temporary restraining order and a preliminary injunction. ECF No. 2. After a January 8, 2024, conference, this Court granted a temporary restraining order—enjoining Defendant from enforcing the Act against Plaintiff's members. ECF No. 27. Following full briefing on Plaintiff's motion, this Court granted a preliminary injunction on February 12, 2024. ECF No. 33.

Given the legal nature of the issues in the case and the factual record developed in the proceedings thus far, the parties agree this case is ready to proceed to a final merits determination.

There is not a jury demand.

DISCOVERY PROCEDURES

The parties have agreed to forego discovery in this case. Instead, the parties will rely primarily on the record established through the preliminary injunction briefing. Both parties agree and stipulate that the evidence the parties have submitted with their respective briefing thus far is admissible.

Both parties, however, reserve the right to supplement the existing record with additional evidence introduced with their motions for summary judgment. If the parties intend to introduce new evidence with their motions for summary judgment, they will provide that evidence to opposing counsel two weeks before the filing deadline for the motion for summary judgment. All objections to admissibility with respect to any such evidence are preserved.

DISPOSITIVE MOTIONS

Both parties may have until **MAY 3, 2024,** in which to file their motions for summary judgment.

Memoranda in opposition to the motions for summary judgment must be filed by **June 3, 2024**.

Each party may have until **June 24, 2024**, in which to file a reply in support of that party's motion for summary judgment.

EXPERT TESTIMONY

The parties agree that they will not rely on expert testimony.

SETTLEMENT

The parties do not believe that settlement is likely.

OTHER MATTERS

None.

If the foregoing does not accurately record the matters considered and the agreements reached at the conference, counsel will please immediately make their objection in writing. If any date set in this order falls on a Saturday, Sunday or legal holiday, the date is automatically deemed to be the next regular business day.

IT IS SO ORDERED.


Date: March 8, 2024                     */s/ Norah McCann King*
                                        NORAH MCCANN KING
                                        UNITED STATES MAGISTRATE JUDGE